UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DAVIS NIELSEN, III,

Petitioner,

Civil No. 2:26-cv-12091
Honorable Jonathan J.C. Grey

v.

PEOPLE OF THE
STATE OF MICHIGAN,

Respondent.
______________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING THE CASE WITHOUT PREJUDICE**

Charles Davis Nielsen, III, confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* "Motion to Dismiss Conviction and Sentence." Nielsen appears to challenge his 2017 conviction in Washtenaw County Circuit Court for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. For the reasons that follow, the case is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

When a state prisoner challenges the very fact or duration of his physical imprisonment and he seeks a determination that he is entitled to immediate release or a speedier release from that imprisonment, the

prisoner's sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who wish to challenge anything affecting the legality of that custody. *See Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)).

It is unclear from the pleadings whether Nielsen wishes to file a petition for a writ of habeas corpus with this Court. He does not label his petition as one filed under 28 U.S.C. § 2254. He labels his action as a "motion to dismiss conviction and sentence." Nielsen actually names the People of the State of Michigan as the respondent, rather than the warden of the Central Michigan Correctional Facility, who normally is the proper respondent in a habeas action filed in this Court under 28 U.S.C. § 2254. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the action should not be converted into a habeas corpus action and decided on the merits. Instead,

the proper course of action is to dismiss the case without prejudice. *See Staples v. Casperson,* 6 F. App'x 481, 483-84 (7th Cir. 2001). Therefore, the Court shall dismiss Nielsen's case without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that he may wish to file in the future. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).[1]

Accordingly, for the reasons stated above, **IT IS ORDERED** that this case is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. The

---

[1] *See also Miller v. People*, No. 2:25-CV-11704, 2025 WL 2099203, at **1–2 (E.D. Mich. July 25, 2025) (dismissing state prisoner's motion for relief from judgment brought pursuant to M.C.R. 6.500, et. seq., rather than converting it to a habeas petition); *Page v. Chapman*, No. 20-12570, 2020 WL 6161264, at *1 (E.D. Mich. Oct. 21, 2020) (dismissing without prejudice petitioner's petition for a writ of habeas corpus filed pursuant to Michigan Court Rule § 3.303(C) and Michigan Compiled Laws § 600.4310 rather than construing it as a habeas petition filed under 28 U.S.C. § 2254); *Mundy v. Michigan*, No. 19-12835, 2020 WL 1676727, at **1-2 (E.D. Mich. Apr. 6, 2020) (dismissing without prejudice state prisoner's independent motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b)(3) and (4) that had been incorrectly docketed as a habeas petition); *Warren v. Miller*, 1:05-CV-651; 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, rather than converting it to a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254).

dismissal is without prejudice to Nielsen filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; provided that, should Nielsen choose to file such a petition, he must file it under a new case number.[2]

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

Dated: July 29, 2026

[2] Even if this Court were to construe this case as a habeas petition, it would be deficient because Nielsen failed to pay the $5.00 filing fee or an application to proceed in forma pauperis, as required when filing a habeas petition. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). In lieu of issuing a Deficiency Order, the Court dismisses the case because it is unclear whether Nielsen wishes to file a habeas petition at this time. If he chooses to file a habeas petition in the future, he will be required to pay either the $ 5.00 filing fee or apply to proceed in forma pauperis.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager